UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC PHILLIPS, J91735,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD, Acting Warden,<br><br>Respondent. | Case No. 21-cv-06615-CRB  (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(ECF No. 4) |

Petitioner, a state prisoner incarcerated at San Quentin State Prison (SQSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his exclusion from consideration for a recommendation for resentencing under California Penal Code section 1170(d)(1). Petitioner also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

## BACKGROUND

In October 1995, an Alameda County Superior Court jury found petitioner guilty of one count of second-degree murder, one count of premeditated attempted murder, one count of discharging a firearm at an inhabited dwelling and one count of assault with a deadly weapon. The superior court sentenced petitioner to an indeterminate term of 38 years to life in state prison.

In April 2018, the Board of Parole Hearings (BPH) concluded that petitioner was not suitable for parole and determined that the appropriate denial period was 5 years.

In September 2018, petitioner sought a recommendation from the California Department of Corrections and Rehabilitation (CDCR) for the sentencing court to recall and resentence him based on exceptional conduct in prison as provided for in California Penal Code section 1170(d)(1). But his request and subsequent appeals were denied at all levels of review on the grounds that California Code of Regulations, Title 15, sections 3076, 3076.1 and 3076.2 exclude from consideration for a recommendation for resentencing prisoners scheduled for a parole hearing within the next 18 months or who have already been afforded a parole hearing.

In June 2020, petitioner filed a petition for a writ of habeas corpus in Alameda County Superior Court claiming that sections 3076, 3076.1 and 3076.2 violate equal protection by treating him differently than other indeterminately sentenced state prisoners. The superior court denied the petition in a reasoned opinion filed on October 15, 2020, and the state court of appeal and supreme court summarily denied the petition on January 28, 2021 and August 11, 2021, respectively.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

California Penal Code section 1170(d)(1) authorizes a court, on its own motion within 120 days after sentencing, or at any time upon recommendation from CDCR or BPH, to recall a sentence and resentence a prisoner to a lesser sentence. Cal. Penal Code § 1170(d)(1). The resentencing court may reduce a prisoner's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is "in the interest of justice," and may consider postconviction factors, including, but not limited to, the prisoner's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the prisoner's risk of future violence, and evidence that reflects that circumstances have changed since the prisoner's original sentencing so that the prisoner's continued incarceration is no longer in the interest of justice. Id.

But California Code of Regulations, Title 15, section 3076.1 provides that prisoners shall be excluded from consideration of a recommendation to the sentencing court for recall and resentencing based on exceptional conduct if they are an indeterminately sentenced prisoner who "[is] scheduled for a parole hearing within the next 18 months or [has] already been afforded a

parole hearing, regardless of the decision by the Board of Parole Hearings." Cal. Code Regs., tit. 15, § 3076.1(b)(2)(F).

Liberally construed, petitioner's claim that section 3076.1 violates equal protection by treating him differently than other indeterminately sentenced state prisoners appears to state an arguably colorable claim for relief under § 2254 and merits an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (ECF No. 4) is GRANTED.

2. The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition

1  is served and filed.

2      5.    Petitioner is reminded that all communications with the court must be served on
3  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also
4  keep the court and all parties informed of any change of address.

5      **IT IS SO ORDERED**.

6  Dated:  November 2, 2021

7   

8      CHARLES R. BREYER
    United States District Judge